IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **MARIO MARTINEZ MORALES,** ) | |
| Movant/Defendant, ) | |
| ) | |
| v. ) | 3:08-cv-8024-SLB-PWG |
| ) | (3:06-cr-0488-SLB-PWG) |
| **UNITED STATES OF AMERICA,** ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION**

In this action, Maurico Martinez Morales, a federal prisoner acting *pro se*, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. 1; Crim. Doc. 71 (hereinafter the "§ 2255 Motion" or "§ 2255 Mot.")).[1/] Morales's motion is due to be denied.

**I.     BACKGROUND**

On October 31, 2006, Morales and a co-defendant, Alcocer Jimenez Sabino, were charged in a six-count indictment in the Northern District of Alabama. (Crim. Doc. 1). Count One charged both defendants with conspiracy to possess and distribute fifty or more grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846. Count Two charged Morales with possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Count Three charged Morales with possession of a firearm in furtherance of a drug trafficking crime, *i.e.*, the offenses charged in Counts One and Two, in violation of 18 U.S.C. § 924(c). Count Four charged Morales with being an illegal alien in possession of a firearm, in violation of 18 U.S.C. § 922(g)(5). Count Five charged Sabino with possession of five grams or more of methamphetamine, in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(B). Finally, Count Six charged that Morales, upon

---

[1/]     Citations herein to "Civ. Doc(s) ___" are to the court file document numbers as assigned by the clerk of this court in the § 2255 civil action, 3:08-cv-8024-SLB-PWG. Citations to "Crim. Doc(s) ___" are to the document numbers as assigned by the clerk in the underlying criminal action, 3:06-cr-0488-SLB-PWG.

conviction on Counts One and Two, would forfeit any proceeds and property derived from, or used to facilitate, his unlawful activity, in accordance with 21 U.S.C. §§ 853(a)(1) and (2). (Crim. Doc. 1). Morales pled not guilty in this court. (Crim. Doc., Unnumbered entry dated 11/28/06).

On January 31, 2007, a jury found Morales guilty as charged on all five counts against him. (Crim. Docs. 31, 32, 33, 34, 35). The court imposed a prison sentence of 180 months on each of Counts One and Two, plus 120 months on Count Four, all to be served concurrently with each other. On Count Three, the court sentenced Morales to 60 months, to be served consecutively with the sentences on all other counts. (Crim. Doc. 53).

Morales appealed to the United States Court of Appeals for the Eleventh Circuit. The only issue raised was that the evidence was insufficient to sustain the conviction on Count Three, for possession of a firearm in furtherance of a drug trafficking offense. He argued that the Government failed to prove a sufficient nexus between firearms found in his vehicle and his drug offenses. In an unpublished memorandum, the Eleventh Circuit rejected that claim and affirmed the conviction. (Crim. Doc. 70; *United States v. Morales*, 259 Fed. App'x 221 (11th Cir. Dec. 13, 2007)). Morales did not seek certiorari review in the Supreme Court of the United States.

On June 30, 2008, the clerk of this court docketed Morales's instant *pro se* motion seeking to vacate, set aside, or correct his sentence pursuant to § 2255. In Ground One of his § 2255 Motion, Morales first raises a host of claims alleging ineffective assistance of counsel, based upon allegations that his attorney:

  (1) failed to provide any amount of adversarial defense

  (2) failed to investigate the prosecution's witnesses

  (3) failed to investigate the case to build any alternate defense

  (4)  failed to provide a translator for defendant

  (5)  failed to provide attorney/client legal sessions for trial strategy

  (6)  failed to raise issue of illegal search & seizure

  (7)  failed to present [co-conspirator] Sabino's lies in appeal process

  (8)  failed to argue the charged quantity

  (9)  failed to argue lack of subject matter jurisdiction

  (10)  failed to inform defendant or argue unconstitutionality of Title 18 in its entirety [and]

  (11)  failed to pursue state violation of denial of legal representation.

(§ 2255 Mot. at 4).

In Ground Two, Morales contends that the evidence was insufficient to support his conviction on Count Three, on the theory that the "firearms' location give (sic) rise to illegal search [and] seizure and questionable defendant's alleged possession of such (sic)." (*Id.* at 5). In Ground Three, Morales contends that Title 18 of the United States Code is unconstitutional. In support, Morales suggests that Title 18 was passed by Congress "during adjournment [and] without its' (sic) 'quorum' present." (*Id.* at 7). Ground Four argues that "federal jurisdictional claims are unconstitutional." (*Id.* at 8). The supporting facts for this ground are recited as "Congress' overarching of its' (sic) Commerce Clause [power?] to include strickly (sic) intrastate activity is unconstitutional and in violation of state sovereignty"; "illegality of criminal proceedings in Article III courts," and "illegality of admiralty/maritime jurisdiction invocation." (*Id.*) Ground Five is captioned "Judicial Misconduct," and alleges that the "court failed in providing defendant required colloquy pursuant to [Federal Rule of Criminal Procedure] Rule 11." (§ 2255 Mot. at 10). The stated ground also refers to "defendant's communication problems during court proceedings" and

3

an "initial preliminary arraignment by state court judge was conducted with no counsel for defendant." (*Id.*). Finally, Count Six is captioned "Prosecutorial Misconduct," and suggests that the prosecution knew "or should have known about Sabino's lying about additional drugs attributed to defendant while defendant was in custody" and that the prosecution "deliberately allowed defendant to be enhanced regarding additional amount (sic)." (*Id.* at 11). To the extent that Morales did not raise the claims in Grounds Two through Six at trial or on direct appeal, he claims that such occurred because of the ineffectiveness of his trial and appellate counsel.

The court issued an order requiring the Government to show cause why Morales is not entitled to relief under § 2255. (Civ. Doc. 2). In its response, the Government argues that all of Morales's claims are due to be dismissed. (Civ. Doc. 4). After the court deemed the case ripe for summary disposition, Morales was afforded an opportunity to submit any additional evidence or argument in support of his claims and in opposition to the State's contentions. Morales accepted that offer, filing a 27-page reply memorandum. (Civ. Doc. 9 ("Reply")).

## II.     DISCUSSION

### A.     Ground One - Ineffective Assistance of Counsel

The Sixth Amendment affords a criminal defendant the right to "the Assistance of Counsel for his defence." U.S. Const. amend VI. "It has long been recognized that the right to counsel is the right to effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970); *see also Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980). A claim of ineffective assistance of counsel can be established upon a showing that the (1) "counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense" because the "errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington*, 466 U.S. 668,

687 (1984). In an action for post-conviction relief, the petitioner generally carries the burden to establish both components.[2/] *Lawhorn v. Allen*, 519 F.3d 1272, 1293 (11th Cir. 2008) (citing *Atkins v. Singletary*, 965 F.2d 952, 958-59 (11th Cir.1992)).

The Eleventh Circuit has explained:

> To establish a constitutionally deficient performance, the defendant must "identify the acts or omissions ... that are alleged not to have been the result of reasonable professional judgment" to "show that counsel's representation fell below an objective standard of reasonableness" and "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 687, 690. The "highly deferential" reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *id.* at 689, and recognize that cases warranting the grant of habeas relief based on an ineffective assistance claim "are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quotation and citation omitted). ... "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland*, 466 U.S. at 689. ... Because "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight," *Bell v. Cone*, 535 U.S. 685, 702 (2002), we must make "every effort ... to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

*Lawhorn*, 519 F.3d at 1293-94.

Once constitutionally deficient performance is established, the petitioner generally must also prove prejudice. To do so the petitioner must convince the court "that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. While a petitioner need not show that counsel's deficient

---

[2/]  An exception to the petitioner's burden to prove prejudice lies where the circumstances of counsel's ineffective assistance "are so likely to prejudice the accused that the cost of litigating their effect ... is unjustified." *United States v. Cronic*, 466 U.S. 648, 658 (1984). Such circumstances exist where "the accused is denied counsel at a critical stage of his trial ... [or where] counsel entirely fails to subject the prosecution's case to meaningful adversarial testing." *Id.* at 659.

5

conduct "more likely than not altered the outcome of the case," it is not enough for the petitioner to show that counsel's errors merely had "some conceivable effect on the outcome of the proceeding." *Id.*, 466 U.S. at 693. A court may decline to reach the performance prong if convinced that the prejudice prong cannot be satisfied in any event. *Boyd v. Allen*, 592 F.3d 1274, 1293 (11th Cir. 2010).

Although Morales's § 2255 Motion offers a laundry list of alleged deficiencies on the part of appointed counsel at trial and on appeal, Morales has failed to satisfy his burden under *Strickland* to allege facts showing either constitutionally deficient performance or prejudice. "'Conclusory allegations of ineffective assistance are insufficient.'" *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (quoting *United States v. Lawson*, 947 F.2d 849, 853 (7th Cir. 1991)); *see also* Rule 2(b)(2), Rules Governing § 2255 Proceedings (requiring a defendant's § 2255 motion to "state the facts supporting each ground [for relief available to the moving party"); *cf. Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) ("To be granted an evidentiary hearing on his claims of ineffective assistance of counsel, [the petitioner] needed to make allegations which, if true, would entitle him to relief.").

First, with regard to his vague complaint that his attorney failed to "provide any amount of adversarial defense," "to investigate [the] prosecution's witnesses," "to build any alternate defense," to engage him in "sessions" on "trial strategy," "to argue the charged quantity" of drugs, or "to present Sabino's lies in appeal process," Morales does not offer a suggestion in his § 2255 Motion what additional or alternative "defense" or arguments might have been presented, the particular benefits that might have been gained, or how the outcome of his trial might have been different had counsel undertaken such actions. *See Powell v. Allen*, 602 F.3d 1263, 1275 (11th Cir. 2010).

6

Similarly, in his Reply, Morales offers only a cryptic assertion that the "jury would have 'seen and heard' witness/witnesses lie," and suggestions that, had counsel undertaken the subject investigations and actions, it would have revealed unnamed "witnesses" and unidentified "rebuttal" that could have "refuted" unspecified "lies" and "perjured testimony" of Sabino, his co-conspirator. Morales is not entitled to relief on any of these claims. (*See* Reply at 7, 12).

The other omissions that Morales outlines in Ground One are somewhat more specific, but he nonetheless has failed to allege facts which reasonably suggest that counsel acted outside the wide range of constitutionally permissible attorney conduct or that Morales suffered any prejudice. Morales argues that his counsel was deficient in failing to provide a translator, however he does not contend that he ever requested a translator or in fact that he needed one. Indeed, as argued by the Government, the testimony of the deputy that interviewed Morales and informed him of his rights at the time of his arrest confirms that Morales had been in the United States about ten years at that time and was able to understand and adequately communicate in English. (Trial Transcript[3/] at 87-90). When Morales was provided with both English and Spanish versions of the *Miranda* notice and waiver form, he read both versions but signed the English form. (*Id.*) The sentencing hearing also clearly establishes that Morales was able to answer the questions put to him by the court. (Sentencing Transcript[4/] at 20, 25). Nor does Morales cite to any exchange which occurred at trial that he did not understand or otherwise explain how a translator would have made a difference in the outcome of his trial. This claim is due to be denied.

---

[3/]    Citations herein to "Trial Transcript at ___" are to the page of the reporter's trial transcript. Volume I of that transcript is Crim. Doc. 65, which encompasses pages 1-154 of the Trial Transcript. Volume II is Crim. Doc. 64, which covers pages 155-292. Volume III is Crim. Doc. 66, which covers pages 294-381.

[4/]    Citations herein to "Sentencing Transcript at ___" are to the page of the reporter's transcript of the sentencing hearing, which is Crim. Doc. 67.

Morales next maintains that his counsel was ineffective because he failed to raise an argument that evidence admitted at trial was obtained in violation of the Fourth Amendment. In his § 2255 Motion, Morales suggests that such evidence relates to firearms recovered in a search of his vehicle. (§ 2255 Mot. at 6) Once again he does not allege facts which would support a claim that the search or the seizure of the weapons violated the Fourth Amendment or that his counsel was deficient for failing to make such an argument. The Government correctly noted this failure in its response to the show cause order, arguing that the court need not consider the merits of the claim. Alternatively, the Government argued that the testimony presented at trial established that no Fourth Amendment violation occurred. Specifically, the Government asserted that the search was valid because it occurred incident to Morales's arrest on an outstanding arrest warrant and because Morales verbally consented to the search. The alleged failure of counsel to move for suppression, the Government maintained, could not constitute ineffective assistance under *Strickland*. (*See* Doc. 4 at 11-12). Morales in his Reply made a belated attempt to identify the facts underlying this claim, alleging for the first time that the search was unlawful because he did not, in fact, consent to the search. (Reply at 10-11). However, even as stated in the Reply, Morales is not entitled to relief on this claim. Although Morales now claims that he did not consent to the search, he does not allege in either his § 2255 Motion or his Reply that he ever told his attorney that he did not consent to the search. More to the point, without regard to the question of consent, Morales has not refuted the Government's assertion that the search of the vehicle was authorized as incident to his arrest on the outstanding warrant. The law as it existed both at the time of the search in August 2006 and at the time of Morales's trial in January 2007 broadly authorized police to search the passenger compartment of a motor vehicle without a warrant when done incident to arrest, even if there was

no possibility that the arrestee could gain access to the vehicle at the time of the search. *See United States v. Davis*, 598 F.3d 1259, 1262 (11th Cir. 2010). Accordingly, an objectively reasonable lawyer at that time could have viewed the filing of a motion to suppress as futile, so the failure to file such a motion does not constitute deficient performance. *Premo v. Moore*, ___ U.S. ___, ___, 131 S. Ct. 733, 741 (2011); *Zakrzewski v. McDonough*, 455 F.3d 1254, 1260-61 (11th Cir. 2006).

       Finally, Morales argues in Ground One that his counsel was ineffective because he failed to argue that this court lacked subject matter jurisdiction or that Title 18 of the United States Code is invalid. Such arguments are based in part on Morales's theory that Title 18, which includes 18 U.S.C. § 3231, the statute conferring jurisdiction upon the district courts to hear cases involving violations of the federal criminal code, is invalid because of Congress's alleged failure to comply with legislative rules in its passage. These arguments are also based in part on a claim that Congress overstepped its authority under the Commerce Clause when it enacted the federal drug and weapons offense statutes that Morales was convicted of violating. The court concludes, however, that such arguments would have certainly failed had they been made. *See United States v. Jackson*, 111 F.3d 101, 102 (11th Cir. 1997) (recognizing that "illegal possession and sale of drugs affects interstate commerce, and Congress accordingly has authority under the Commerce Clause to criminalize and punish drug-related activity"); *United States v. Dunn*, 345 F.3d 1285, 1297 (11th Cir. 2003) (upholding the constitutionality of 18 U.S.C. § 922(g)); *Garcia v. United States*, 2009 WL 2781636, *5 (M.D. Fla. August 28, 2009) (rejecting a similar challenge to the validity of Title 18). Accordingly, Morales has not shown either deficient performance or prejudice on any of his claims alleging ineffective assistance in Ground One of his § 2255 Motion.

    **B.**    **Ground Two - Insufficiency of the Evidence to Support Count Three / Legality of Search and Seizure of Firearms**

In Ground Two, Morales asserts the insufficiency of the evidence to support his conviction on Count Three, for possession of a firearm in furtherance of a drug trafficking offense. However, he raised that claim on direct appeal, and it was rejected. Therefore, this issue is foreclosed as a mater of law. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000).

It would appear, though, that Ground Two also encompasses a claim alleging that weapons found in Morales's vehicle should have been suppressed because they were obtained through a search and seizure that violated the Fourth Amendment. Morales did not raise such an issue at trial or on direct appeal. The claim is procedurally defaulted absent a showing (1) of both cause for the default *and* actual prejudice or (2) that he is actually innocent. *See Bousely v. United States*, 523 U.S. 614, 622 (1998). Morales does not claim that he is actually innocent; rather, the only reason he offers is that his counsel was constitutionally ineffective. A showing that counsel's failure to raise a claim violated *Strickland* can excuse a procedural default. *See Murray v. Carrier*, 477 U.S. 478, 489 (1986). However, Morales has failed, for reasons previously stated, to show that his counsel was ineffective for failing to raise a suppression motion at trial based on the search of Morales's vehicle. Morales is not entitled to any relief based on the claim(s) set forth in Ground Two.

### C. Grounds Three Through Six

The Government also asserts that Morales could have but did not raise at trial or on direct appeal any of the claims he asserts in his § 2255 Motion as Grounds Three through Six. As a result, the Government maintains, Morales has procedurally defaulted these claims and that review of them is barred because Morales cannot show either cause and prejudice or actual innocence, as required under *Bousley*. The Government is correct.

In Ground Three, Morales contends that Title 18 of the United States Code is unconstitutional. In support, Morales suggests that Title 18 was passed by Congress "during adjournment [and] without its' (sic) 'quorum' present." (§ 2255 Mot. at 7). Ground Four argues that "federal jurisdictional claims are unconstitutional." (*Id.* at 8). The supporting facts for this ground are recited as "Congress' overarching of its' (sic) Commerce Clause (sic) to include strickly (sic) intrastate activity is unconstitutional and in violation of state sovereignty"; "illegality of criminal proceedings in Article III courts," and "illegality of admiralty/maritime jurisdiction invocation." (*Id.*) Morales did not raise these claims at trial or on direct appeal, so they are procedurally defaulted. Morales seeks to excuse his procedural default based on the theory that his counsel was constitutionally ineffective in failing to raise them. However, for reasons previously stated, trial counsel was not ineffective in electing not to raise the non-meritorious issues.

Ground Five is captioned "Judicial Misconduct," and alleges that the "court failed in providing defendant required colloquy pursuant to [Federal Rule of Criminal Procedure] Rule 11." (§ 2255 Mot. at 10). This ground also cites "defendant's communication problems during court proceedings" and an "initial preliminary arraignment by state court judge was conducted with no counsel for defendant." (*Id.*). Morales did not raise these claims at trial, and he raises his counsel's alleged ineffectiveness as purportedly excusing his procedural default. The court concludes that counsel was not ineffective in not raising such claims. First, as argued by the Government, on its face, Rule 11, Fed. R. Crim. P., requires a colloquy only with pleas of "guilty" and of "nolo contendere." *See United States v. Robertson*, 698 F.2d 703, 708 (5th Cir. 1983). Morales pled "not guilty" to all charges. Raising such claim would have been frivolous. The court has also previously concluded that counsel was not ineffective in failing to secure the services of a translator, so that

claim remains procedurally defaulted. The same is true of Morales's contention that his counsel was ineffective for failing to raise a claim in this court at trial related to the fact that Morales was allegedly not represented by counsel at some prior appearance in an Alabama state court. Morales has offered nothing to suggest that such a circumstance made a difference in his trial in federal court or that the failure to raise the issue constituted deficient performance under *Strickland*.

Count Six is captioned "Prosecutorial Misconduct," and suggests that the prosecution knew "or should have known about Sabino's lying about additional drugs attributed to defendant while defendant was in custody" and that the prosecution "deliberately allowed defendant to be enhanced regarding additional amount (sic)." (*Id.* at 11). Morales again contends that he did not raise these claims at trial because his counsel was ineffective. Morales has failed to establish the threshold requirement of ineffective assistance. The question of Sabino's credibility was a matter for the jury to decide and the jury ultimately decided that Sabino's testimony, along with that of other prosecution witnesses, was credible. Morales offers no explanation or facts to support his assertion that the prosecution knew or "should have known" that Sabino was not telling the truth. Morales's wholly unsupported and conclusory allegations are insufficient to sustain his claim. For the reasons stated in the Government's response to the show cause order, the record shows that the court did not use the additional amount that Sabino testified about to enhance Morales's sentence. (*See* Doc. 4 at 23). Morales has not shown either deficient performance or prejudice or that any of his underlying claims have merit. As a result, all of his claims set forth in this § 2255 Motion as Grounds Three through Six, inclusive, are due to be denied.

### III. CONCLUSION

For the reasons set forth above, the § 2255 Motion filed by Morales (Civ. Doc. 1; Crim. Doc. 71) is due to be DENIED, and this civil action is due to be DISMISSED WITH PREJUDICE. A separate final order will be entered.

Done this 15th day of September, 2011.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE